UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VHC, INC
as trustee for SBV Health Plan,

        Plaintiff,

   v.                                                    Case No. 13-C-92

UNIVERSITY OF WISCONSIN HOSPITAL
AND CLINICS,

        Defendant.

## ORDER DENYING MOTION FOR DEFAULT

      VHC, Inc., as trustee for SBV Health Plan, brought this action for declaratory relief against University of Wisconsin Hospital and Clinics ("UW Hospital"). According to the complaint, VHC is a trustee for SBV Health Plan, a Wisconsin corporation that serves as an adminsitrator for a self-funded health and welfare plan goverened by the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001 et seq. Kenneth Hanson, a beneficiary of the health plan, was an employee of Best Built, Inc., until he was laid off as of April 1, 2011. On April 7, 2011, Hanson was provided a COBRA election notice pursuant to ERISA, which offered him the opportunity to continue his coverage under the plan. Hanson has a son who was born prematurely and had been admitted for care at the U.W. Hospital on or about April 5, 2011. On May 10, 2011, the Complaint alleges that Hanson orally waived his COBRA coverage, including coverage for his child Braxton Hanson, during a telephone conference with one Jim Kellam, a representative of SBV. Hanson apparently changed his mind, however, and on or about June 1, 2011, he sent a Benefits

Continuation Plan Enrollment Form along with a check for past due premiums to the plan. Under the COBRA Election Notice, Hanson had until June 5, 2011, in which to accept continuation of coverage under COBRA. Despite this fact, SBV contends that having waived his COBRA coverage on May 10, 2011, coverage for his son could not have commenced until the revocation of the waiver on June 1, 2011.

The Complaint names only UW Hospital as a defendant and seeks declaratory relief in the form of a determination as to what, if any, obligations SBV has to UW Hospital for payment of medical bills incurred by Hanson for treatment rendered to his son between April 5, 2011 and July 31, 2011. Kenneth Hanson, the beneficiary of the plan, is not named as a defendant and apparently has no notice of the lawsuit. UW Hospital has not responded to the Complaint, and VHC now seeks a default judgment barring UW Hospital from pursuing any claim or defense in the action and determining that VHC, as trustee for SBV Health Plan, is not obligated to provide any coverage for medical costs incurred by Hanson's son prior to June 1, 2011. The motion will be denied.

Rule 19 of the Federal Rules of Civil Procedure requires, in general, that necessary parties are to be joined to any action. A necessary party is one whose presence is necessary in order for the court to accord complete relief among the existing parties. Fed. R. Civ. 19(1)(a). Moreover, because the rule governing joinder of necessary parties protects interests beyond those of the parties before the court, the absence of a necessary party may be raised by the court sua sponte at any stage of the action. *Faunce v. Bird,* 210 F.R.D. 725, 727 (D. OR 2002).

Here I conclude that Hanson is a necessary party to the action. He is personally responsible for the cost of medical care and treatment provided to his son. If the cost of the care provided by UW Hospital exceeds whatever coverage he has under BadgerCare, UW Hospital will be able to

2

collect from him personally, unless his son is covered under the Plan.  Indeed, Hanson may be the only necessary party, since UW Hospital would seem to have no direct claim against the Plan.  If UW Hospital has any claim against the Plan, it is as an assignee of Hanson.  *See Kennedy v. Connecticut General Life Ins. Co.*, 924 F.2d 698, 700 (7th Cir. 1991) (holding that provider of medical services could sue group health insurer for nonpayment of claim as assignee of plan participant under ERISA).  Under these circumstances, the court cannot accord complete relief among the existing parties.  VHC must either join Hanson to the action within the next 30 days or show cause why the action should not be dismissed.

      **SO ORDERED** this   10th   day of April, 2013.

                           s/ William C. Griesbach
                           William C. Griesbach, Chief Judge
                           United States District Court