UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VHC, INC
as trustee for SBV HEALTH PLAN,

      Plaintiff,

v.                                     Case No. 13-C-92

UNIVERSITY OF WISCONSIN HOSPITAL
AND CLINICS and KENNETH HANSON,

      Defendants.

**ORDER DENYING MOTION FOR DEFAULT**
**AND GRANTING MOTION FOR EXTENSION OF TIME**

VHC, Inc., as trustee for SBV Health Plan, brought this action for declaratory relief against University of Wisconsin Hospital and Clinics. After the hospital failed to answer in a timely fashion, VHC moved for default judgment against it. I denied the motion on the basis that VHC had not named Kenneth Hanson, a necessary party. VHC subsequently named Hanson, and it now renews its motion for default judgment against the hospital, which has filed a motion seeking an extension of time to file its answer.

Default judgments are considered "drastic" measures. *Stafford v. Mesnik,* 63 F.3d 1445, 1450 (7th Cir. 1995). "While this circuit no longer disfavors default judgments, and does not require the trial court to first impose less drastic sanctions, a default judgment should not be considered a ready response to all litigant misbehavior." *Id.*

The hospital argues that its failure to answer the complaint resulted from excusable neglect. It tells a fairly common tale involving a bureaucratic mixup that occurred when an administrative

assistant routed the lawsuit to the hospital's fiscal department rather than the general counsel's office. The case was handled unusually because the general counsel's office, which had already known about its substance, had decided to retain experienced ERISA counsel rather than have it handled in-house or by its collections attorney. There were crossed wires and the end result was that the people who were responsible for alerting the proper individuals about the lawsuit's existence ended up alerting the wrong people. Thus, the division that had decided to handle the case (the general counsel's office) was never made aware that the complaint had actually been served.

That similar snafus occur in large organizations on a daily basis does not necessarily excuse the delay. Here, however, I am satisfied that the failure to answer was not the result of sloppiness, negligence or carelessness, but merely an unfortunate series of events and assumptions caused by the particular nature of this case. Under such circumstances, entry of an adverse judgment would seem unduly harsh.

In addition, it is clear that there has been no prejudice resulting from the failure to answer within the prescribed time. Although there has been more than three months of delay, we are still early in this litigation, and thus any delay can at least partly be made up later. The fact that the co-defendant appeared and filed an answer denying SBV's claim means that SBV will have to prove its right to the relief it seeks in any event.

Finally, as I suggested during the telephone scheduling conference, the nature of the relief SBV is seeking against the defendants does not fit well with its request for a default judgment against only one defendant. SBV requests "a declaratory ruling as to what, if any, obligations SBV has to UW Hospital for payment of medical bills incurred by Hanson for treatment rendered to Braxton Hanson from April 5, 2011, to July 31, 2011." (ECF No. 9 at 7.) Presumably, SBV wants

the court to declare that it has no obligation to pay UW Hospital for the care and treatment provided to Hanson's son. But since Hanson is also a party to the case and opposes such relief, it would make little sense to grant it as to UW Hospitals and deny it as to Hanson. The situation is akin to where suit is brought against multiple defendants charging them with joint liability for fraud and one defaults. To enter judgment against the one defaulting party could then lead to the absurd result that "there might be one decree of the court sustaining the charge of joint fraud committed by the defendants, and another decree disaffirming the said charge, declaring it to be entirely unfounded and dismissing the complainant's bill." *Frow v. De La Vega*, 82 U.S. 552, 554 (1872). "Such a state of things is unseemly and absurd, as well as unauthorized by law." *Id.*; see also Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 2690 (West 1998). At most, SBV would be entitled to a ruling that the hospital lost its standing in court and would no longer be entitled to receive notices and appear. *Frow*, 82 U.S. at 552. Under these circumstances, I see no reason to deprive the hospital of the opportunity to be heard on the issue before me.

Accordingly, the motion for default judgment is **DENIED**. The motion for an extension of time under Fed. R. Civ. P. 6(b)(1)(B) is **GRANTED** because I conclude the delay was the product of excusable neglect and SBV is not entitled to a default judgment against the hospital in any event.

**SO ORDERED** this   7th   day of August, 2013.

                                           s/ William C. Griesbach
                                           William C. Griesbach, Chief Judge
                                           United States District Court - WIED